EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>"Additional Parties Attachment form is attached"<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>JOHN MARTIN | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Francisco<br><br>400 McAllister Street, San Francisco, California 94102 | CASE NUMBER:<br>*(Número del Caso):* C G C - 1 3 - 5 3 3 9 5 2 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Babak Semnar, Esq. SEMNAR LAW FIRM, INC, 400 S. Melrose Dr. #209, Vista, Ca 92081, 951-293-4187

CLERK OF THE COURT

| DATE:<br>*(Fecha)* AUG 3 0 2013 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☑ as an individual defendant.
2. ☑ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: Martin v Credit Consulting Services, Inc., et. al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CREDIT CONSULTING SERVICES, INC. an incorporated business entity; EXPERIAN INFORMATION SOLUTIONS, INC., an incorporated entity; EQUIFAX, INC., an incorporated entity; and DOES 1 through 100, inclusive,

Page ___1___ of ___1___

**Page 1 of 1**

Babak Semnar (SBN 224890)
SEMNAR LAW FIRM, INC.
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Jared M. Hartman, Esq. (SBN 254860)
HARTMAN LAW OFFICE, INC.
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone (951) 234-0881; Fax (888) 819-8230

Attorneys for Plaintiff
JOHN MARTIN

SUMMONS ISSUED

**F I L E D**
Superior Court of California
County of San Francisco

AUG 3 0 2013

CLERK OF THE COURT
BY: _Chas Rya_
Deputy Clerk

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN FRANCISCO

JOHN MARTIN,

    Plaintiff,

  vs.

CREDIT        CONSULTING
SERVICES, INC. an incorporated
business entity; EXPERIAN
INFORMATION SOLUTIONS,
INC., an incorporated entity;
EQUIFAX, INC., an incorporated
entity; and DOES 1 through 100,
inclusive,

    Defendant.

Case No.: **CGC - 13 - 533952**

**COMPLAINT FOR VIOLATIONS OF:**

1. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT,**
2. **FEDERAL FAIR CREDIT REPORTING ACT,**
3. **ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT**
4. **FEDERAL FAIR DEBT COLLECITON PRACTICES ACT**

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE

CALIFORNIA SUPERIOR COURT JUDGE:

    Complainant, JOHN MARTIN, an Individual, by and through his attorneys of

record, BOB SEMNAR of SEMNAR LAW FIRM, INC. and JARED M. HARTMAN of HARTMAN LAW OFFICE, INC., hereby complains and alleges as follows.

## INTRODUCTION

1.     John Martin, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Defendant Credit Consulting Services for their unlawful conduct in attempting to collect and collecting a debt from Plaintiff, and for reporting inaccurate information on Plaintiff's credit report, and also for Defendants failing to properly investigate notices of dispute received from the credit reporting agencies; and also to challenge the actions of Defendant Experian Information Solutions, Inc. (hereinafter referred to as "Experian") and Defendant Equifax, Inc. (hereinafter referred to as "Equifax") for failing to conduct a reasonable investigation into Plaintiff's disputes of the misinformation upon his credit reports.

2.     This action arises out of Defendants' violations of the California Consumer Credit Reporting Act (Cal. Civ. Code §§ 1785.1-1785.36) ("California CCRA"), the Federal Fair Credit Reporting Act (15 U.S.C. §§ 1682-1681x) ("Federal FCRA"), the Rosenthal Fair Debt Collections Practices Act (Calif. Civil Code §§ 1788-1788.32) ("Rosenthal Act"), and the Federal Fair Debt Collections Practices Act (15 U.S.C. §§ 1692-1692p) ("Federal FDCPA").

3.     In California Civil Code § 1785.1(a)-(g), the California Legislature made the following findings and purpose in creating the California Consumer Credit Reporting Agencies Act:

2

**Complaint**

(a) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, and general reputation of consumers.

(b) Consumer credit reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(c) There is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

(d) It is the purpose of this title to require that consumer credit reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, hiring of a dwelling unit, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title.

(e) The Legislature hereby intends to regulate consumer credit reporting agencies pursuant to this title in a manner which will best protect the interests of the people of the State of California.

(f) The extension of credit is a privilege and not a right. Nothing in this title shall preclude a creditor from denying credit to any applicant providing such denial is based on factors not inconsistent with present law.

(g) Any clauses in contracts which prohibit any action required by this title are not in the public interest and shall be considered unenforceable. This shall not invalidate the other terms of such a contract.

4.      In 15 U.S.C. § 1681, the U.S. Legislature made the following findings and purpose in creating the Federal Fair Credit Reporting Act:

(a) Accuracy and fairness of credit reporting. The Congress makes the following findings:

(1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public

confidence which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness [creditworthiness], credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

(b) Reasonable procedures. It is the purpose of this title [15 USCS §§ 1681 et seq.] to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title [15 USCS §§ 1681 et seq.].

5.      In Calif. Civil Code § 1788.1(a)-(b), the California Legislature issued the following findings and purpose in creating the Rosenthal Fair Debt Collections Practices Act:

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of

consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

6.    In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature issued the following findings and purpose in creating the Federal Fair Debt Collections Practices Act:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

> Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

> Purposes. It is the purpose of this title [15 USCS §§ 1692 *et seq*.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

7.    Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

8.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

**JURISDICTION AND VENUE**

9.      Jurisdiction of this Court is proper concerning the subject matter addressed herein, because all causes of actions arising from Defendant's violations occurred while Plaintiff resided within the boundaries of the County of San Francisco, State of California, and because Plaintiff is still a resident of the County of San Francisco, State of California.

10.     Because Defendants all conduct business within the State of California, personal jurisdiction is established.

11.     Because all tortious conduct occurred while Plaintiff resided in the County of San Francisco, venue properly lies in this court.

**PARTIES AND DEFINITIONS**

12.     Plaintiff is a natural person whose permanent residence is in the City of San Francisco, County of San Francisco, State of California.

13.     Defendant Credit Consulting Services is physically located at 201 John Street, Suite E, in the City of Salinas, State of California, and regularly does business in the State of California.

14.     Defendant Equifax is physically located at 1550 Peachtree Street NW, , H46, in the City of Atlanta, State of Georgia, but regularly does business in the State of California and maintains a registered agent for service of process within the State of California.

15.     Defendant Experian is physically located at 475 Anton Blvd. in the City of

Costa Mesa, State of California, and regularly does business in the State of California.

16.    Plaintiff is a natural person, and is therefore a "consumer" as that term is defined by Calif. Civ. Code § 1785.3(b) of the California CCRA and 15 U.S.C. § 1681a(c) of the Federal FCRA.

17.    The causes of action herein partially pertain to Plaintiff's "consumer credit report", as that term is defined by Calif. Civ. Code § 1785.3(c) of the California CCRA and 15 U.S.C. § 1681a(d)(1) of the Federal FCRA, in that inaccurate misrepresentations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

18.    Defendants Experian and Equifax are "consumer reporting agencies" as defined in 15 U.S.C. § 1681a(f) of the Federal FCRA and Calif. Civil Code § 1788.3(d) of the California CCRA, as they both regularly engage in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

**Complaint**

19.   Defendant Credit Consulting Services is a partnership, corporation, association, or other entity, and is both therefore a "person" as that term is defined by Calif. Civ. Code § 1785.3(j) of the California CCRA and 15 U.S.C. § 1681a(b) of the Federal FCRA.

20.   Plaintiff is a natural person whose permanent residence is in the City of San Francisco, County of San Francisco, State of California, and is therefore a "person" as that term is defined by California Civil Code § 1788.2(g) of the Rosenthal Act.

21.   Plaintiff, a natural person, is both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the Federal FDCPA, and a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act, because he was allegedly obligated to pay a consumer debt to Defendant that arose out of landscaping services for a residence owned by the Trust of Plaintiff's deceased mother for which he was acting as Trustee.

22.   The credit extended by the original creditor—Pellegrino Landscape—was for landscaping services, which means Pellegrino Landscape engaged in a "consumer credit transaction" with Plaintiff, as that term is defined by California Civil Code § 1788.2(e) of the Rosenthal Act.

23.   Because Plaintiff, a natural person, was allegedly obligated to pay money to Defendants for landscaping services, the money allegedly owed was therefore both a "consumer debt" as that term is defined by California Civil Code § 1788.2(f) of the Rosenthal Act and a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the

Federal FDCPA and California Civil Code § 1788.2(d) of the Rosenthal Act.

24.     Defendant Credit Consulting Services, in the ordinary course of business, regularly, and on behalf of themselves and others, engaged in the practice of attempting to collect a "consumer debt", as defined in paragraph 20 above, and thereby engaged in "debt collection" as that term is defined by California Civil Code section 1788.2(b) of the Rosenthal Act.

25.     Because Defendant Credit Consulting Services engaged in "debt collection", Defendant Credit Consulting Services is therefore a "debt collector" as that term is defined by California Civil Code section 1788.2(c) of the Rosenthal Act.

26.     Defendant Credit Consulting Services utilizes the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts, is one who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) of the Federal FDCPA.

## FACTUAL ALLEGATIONS

27.     At all times relevant to the Defendant's tortuous conduct, Plaintiff was an individual residing within the City of San Francisco, County of San Francisco, State of California.

28.     At all times relevant, Defendants all conducted business within the County of San Francisco, State of California.

29.     A substantial part of the events or omissions alleged in this Complaint

occurred within this judicial district, and witnesses are present within this venue.

30.     Plaintiff was the Trustee of his now deceased mother's Living Trust between the time periods of 2007-2011—until her passing in 2011—and his duties included making payments on behalf of the Trust.

31.     Sometime in 2008, Plaintiff acting as Trustee contracted with Pellegrino Landscape to perform landscape maintenance services upon a residence owned by the Living Trust at a rate of $150.00 per month.

32.     Each month Pellegrino Landscape would mail a handbill to the Trust's PO Box in San Francisco for services in advance, and payments were made via paper checks drawn on the Trust's Wells Fargo Account and signed by "John Martin, Trustee".

33.     Due to financial complications caused by daunting medical bills for Plaintiff's ailing mother, payments to Pellegrino Landscape fell into approximately $750.00 of arrears.

34.     Plaintiff is informed and believes that, sometime in 2012, Defendant Credit Consulting Services took over debt collection activities, and Defendant Credit Consulting Services attached this alleged debt to Plaintiff's personal social security number instead of the Trust's Tax ID number.

35.     After Plaintiff received collection letters addressed to him personally from Defendant Credit Consulting Services in 2012, he called them multiple times and informed them that the alleged debt belonged to the Trust and not to him personally,

and their response was that Pellegrino must inform them of the necessary corrections in order for them to take action in correcting the misreported information.

36.     The letters that Plaintiff received from Defendant Credit Consulting Services failed to contain the following written notice informing him of the following, as required by 15 U.S.C. § 1692g: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; or (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

37.     The letters that Plaintiff received from Defendant Credit Consulting Services also failed to contain the following written notice informing him of the following, as required by California Civil Code § 1812.700:

> The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or

misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

38.     In approximately July of 2012, Defendant Credit Consulting Services filed a small claims lawsuit against Plaintiff personally in the County of Monterey, which prompted Plaintiff to pay via debit card an approximate amount of $1,300.00, almost double the amount of the original alleged debt.

39.     In approximately June of 2013, Plaintiff personally applied for pre-qualification for a new home mortgage loan by Wells Fargo, but was told that he would have to obtain either a lower loan amount or a higher interest rate on his desired loan amount because of the information pertaining to the alleged landscaping debt being reported on his personal credit report as a personal debt causing his personal credit score to be lowered.

40.     After receiving the information described above, Plaintiff had a telephone conversation with Pellegrino Landscape wherein he informed them of the information being inaccurately reported upon his personal credit report, and Pellegrino Landscape promised to work with Defendant Credit Consulting Services to have the information removed.

41.     Plaintiff was informed that, if he were able to have removed the negative information being misreported upon his personal credit report that he could obtain a

Complaint

lower interest rate or a higher loan amount, because he would then have a higher credit score.

42.    On June 19 of 2013, Plaintiff sent emails to both Pellegrino Landscape and Defendant Credit Consulting Services asking them to remove the alleged debt amount from his personal credit report and to remove the information indicating it arose out of his personal debt, which resulted in both Defendants completely failing to notify the credit reporting agencies that the information was disputed and also completely failing to remove the information from Plaintiff's personal credit report.

43.    After receiving absolutely no response to his email described above from either Pellegrino Landscape or Defendant Credit Consulting Services, Plaintiff forwarded the same email to them both on June 24, 2013 reminding them both that he needed this misinformation corrected.

44.    After receiving absolutely no response to either email described above from either Pellegrino Landscape or Defendant Credit Consulting Services, Plaintiff again forwarded the same email to them both on July 8, 2013 again reminding them both that he needed this misinformation corrected.

45.    Plaintiff knows that the email dated July 8, 2013 was opened and read by Defendant Credit Consulting Services on July 9, 2013 at 8:42 a.m., because he was provided with an automatic email indicating that his message was opened by the recipient on that date and time.

46.    In July of 2013, Plaintiff learned that Pellegrino Landscape told Plaintiff's

**Complaint**

estate lawyer that Plaintiff could "go pound sand" over this dispute, and Pellegrino Landscape again completely failed to notify the credit reporting agencies that the information was disputed and also completely failed to remove the information from Plaintiff's personal credit report.

47.     In July of 2013, Plaintiff lodged a dispute with both Equifax, informing them that the information is inaccurate as it is not his personal debt and should not be reported upon his personal credit reports, and Plaintiff received confirmation number 3616650628 but never received any information as to how this dispute had been handled or whether they even conducted any reasonable investigation into the dispute, as required by the Federal FCRA.

48.     Also in July of 2013, Plaintiff lodged a dispute with Experian, informing them that the information is inaccurate as it is not his personal debt and should not be reported upon his personal credit reports, and in response Plaintiff received report number 2366-9287-93 with the only outcome from his dispute being "Remains".

49.     Plaintiff is informed and believes that each of his disputes above to the credit reporting agencies resulted in each of the credit reporting agencies notifying Defendant Credit Consulting Services that the information they were reporting was being disputed and that they must conduct their own investigation into the accuracy of the information being reported, as such conduct would have been required to be taken by Defendants Experian and Equifax pursuant to 15 U.S.C. § 1681i(a)(2)(A)-(B) of the Federal FCRA and Calif. Civil Code § 1785.16(a) of the California CCRA.

**Complaint**

50.     Plaintiff is further informed and believes that Defendants Experian and Equifax failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in his dispute, failed to employ and follow reasonable procedures to prevent such inaccurate reportings, and simply inquired of Defendant Credit Consulting Services if the information was accurate.

51.     At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to the furnisher of information to credit reporting agencies, pursuant to Calif. Civ. Code § 1785.25 of the California CCRA:

(a) A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

52.     At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to the credit reporting agencies, pursuant to Calif. Civ. Code § 1785.16 of the California CCRA:

(a) If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate and record the current status of the disputed information before the end of the 30-business-day period beginning on the date the agency receives notice of the dispute from the consumer or user, unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is

**Complaint**

frivolous or irrelevant, including by reason of a failure of the consumer to provide sufficient information, as requested by the consumer credit reporting agency, to investigate the dispute. Unless the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, before the end of the five-business-day period beginning on the date the consumer credit reporting agency receives notice of dispute under this section, the agency shall notify any person who provided information in dispute at the address and in the manner specified by the person. A consumer credit reporting agency may require that disputes by consumers be in writing.

(b) In conducting that reinvestigation the consumer credit reporting agency shall review and consider all relevant information submitted by the consumer with respect to the disputed item of information. If the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, it shall notify the consumer by mail or, if authorized by the consumer for that purpose, by any other means available to the consumer credit reporting agency, within five business days after that determination is made that it is terminating its reinvestigation of the item of information. In this notification, the consumer credit reporting agency shall state the specific reasons why it has determined that the consumer's dispute is frivolous or irrelevant. If the disputed item of information is found to be inaccurate, missing, or can no longer be verified by the evidence submitted, the consumer credit reporting agency shall promptly add, correct, or delete that information from the consumer's file.

53.     At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to the furnisher of information to credit reporting agencies, pursuant to 15 U.S.C. § 1681s-2(b) of the Federal FCRA:

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)];

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
    (i) modify that item of information;
    (ii) delete that item of information; or
    (iii) permanently block the reporting of that item of information.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USCS § 1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

54.    At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to the credit reporting agencies, pursuant to 15 U.S.C. § 1681i(a)(1)(A), & 1681i(a)(5)(A) of the Federal FCRA:

(a)(1)(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is

inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(a)(5)(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall--
    (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
    (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

55.    At all times during the aforementioned actions, there was in full force and effect the following obligation for a debt collector in connection with the collection of any debt, pursuant to California Civil Code § 1788.13(e) of the Rosenthal Act:

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(e) The false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation;

56.    At all times during the aforementioned actions, there was in full force and effect the following obligation for a debt collector in connection with the collection of any debt, pursuant to California Civil Code § 1788.14(b) of the Rosenthal Act:

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(b) Collecting or attempting to collect from the debtor the whole or any

part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law

57.     At all times during the aforementioned actions, there was in full force and effect the following obligation for a debt collector in connection with the collection of any debt, pursuant to California Civil Code § 1812.700 of the Rosenthal Act:

(a) In addition to the requirements imposed by Article 2 (commencing with Section 1788.10) of Title 1.6C, third-party debt collectors subject to the federal Fair Debt Collection Practices Act (15 U.S.C. Sec. 1692 et seq.) shall provide a notice to debtors that shall include the following description of debtor rights:

"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

58.     At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. § 1692g(a):

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
    (1) the amount of the debt;

**Complaint**

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

59.     At all times during the aforementioned actions, there was in full force and effect the following obligation for a debt collector in connection with the collection of any debt, pertaining to pursuant to 15 U.S.C. § 1692e of the Federal FDCPA:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60.     At all times during the aforementioned actions, there was in full force and effect the following obligation for a debt collector in connection with the collection of any debt, pertaining to pursuant to 15 U.S.C. § 1692e(2)(A) of the Federal FDCPA:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

…

(2) The false representation of--

(A) the character, amount, or legal status of any debt

61.     At all times during the aforementioned actions, there was in full force and effect the following obligation for a debt collector in connection with the collection of

**Complaint**

any debt, pursuant to 15 U.S.C. § 1692e(8) of the Federal FDCPA:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

62.    At all times during the aforementioned actions, there was in full force and effect the following obligation for a debt collector in connection with the collection of any debt, pertaining to pursuant to 15 U.S.C. § 1692e(10) of the Federal FDCPA:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

63.    At all times during the aforementioned actions, there was in full force and effect the following obligation for a debt collector in connection with the collection of any debt, pertaining to pursuant to 15 U.S.C. § 1692f of the Federal FDCPA:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

64.    At all times during the aforementioned actions, there was in full force and effect the following obligation for a debt collector in connection with the collection of any debt, pertaining to pursuant to 15 U.S.C. § 1692f(1) of the Federal FDCPA:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

**FIRST CAUSE OF ACTION AS TO DEFENDANT CREDIT CONSULTING SERVICES ONLY**
**CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**
**Calif. Civ. Code § 1785.25(a)**

65.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs as if fully stated herein.

66.    As the furnisher of information to credit reporting agencies, Defendant Credit Consulting Services is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if they knew or should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code § 1785.25(a).

67.    Because Defendant Credit Consulting Services has repeatedly misrepresented to the credit reporting agencies every single month from September 2012 to current that the alleged debt to Pellegrino Landscape was Plaintiff's personal debt, Defendant Credit Consulting Services thereby violated its obligations under Calif. Civ. Code § 1785.25(a).

68.    Plaintiff is informed and believes that Defendant Credit Consulting Services knew or should have known of the inaccurate reportings because Plaintiff

**Complaint**

called them multiple times in 2012 after receiving their collection letters to inform them that the alleged debt was not his personal debt, and because Plaintiff sent emails to them in June and July of 2013 informing them that the alleged debt was not his personal debt, and because Plaintiff disputed these inaccurate reportings on his credit reports.

69.     Plaintiff is informed and believes that Defendant Credit Consulting Services also knew or should have known of the inaccurate reportings after being notified that Plaintiff had disputed the misreportings with Experian and Equifax in July of 2013.

70.     Because of Defendant Credit Consulting Services' conduct, Plaintiff has suffered economic injury because the misreportings caused him to not be qualified for a higher loan amount or a lowered interest rate when he applied for a home mortgage loan with Wells Fargo in approximately June of 2013.

71.     This cause of action and its accompanying enforcement provisions in California Civil Code §§ 1788.25(g) and 1788.31 are NOT pre-empted by the Federal FCRA, as held in *Gorman v. Wolpoff & Abramson, LLP* (9th Cir. 2009) 584 F.3d 1147, 11.

## SECOND CAUSE OF ACTION AS TO DEFENDANT CREDIT CONSULTING SERVICES ONLY
### FEDERAL FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)

72.     Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

**Complaint**

73.     As the furnisher of information to credit reporting agencies, Defendant

Credit Consulting Services is and always was obligated to take the following steps upon

receiving notice of a dispute by a credit reporting agency by 15 U.S.C. § 1681s-

2(b)(1)(A)-(E):

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting
> agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)];
>
> (C) report the results of the investigation to the consumer reporting
> agency;
>
> (D) if the investigation finds that the information is incomplete or
> inaccurate, report those results to all other consumer reporting agencies
> to which the person furnished the information and that compile and
> maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be
> inaccurate or incomplete or cannot be verified after any reinvestigation
> under paragraph (1), for purposes of reporting to a consumer reporting
> agency only, as appropriate, based on the results of the reinvestigation
> promptly—
>
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

74.     Plaintiff is informed and believes that that Defendant Credit Consulting

Services was notified by the credit reporting agencies that Plaintiff disputed the

numerous misreportings, because Plaintiff's disputes to both Experian and Equifax

resulted in them responding that the information will remain on his credit reports.

75.     Plaintiff is informed and believes that Defendant Credit Consulting

Services repeatedly failed to conduct a reasonable investigation with respect to the disputed information, as required by subdivision (b)(1)(A), because a reasonable investigation would have clearly shown that Plaintiff was not personally responsible for the alleged debt.

76.     Because of Defendant Credit Consulting Services' conduct, Plaintiff has suffered economic injury because the misreportings caused him to not be qualified for a higher loan amount or a lowered interest rate when he applied for a home mortgage loan with Wells Fargo in approximately June of 2013.

## THIRD CAUSE OF ACTION AS TO DEFENDANT CREDIT CONSULTING SERVICES ONLY
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32

77.     Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

78.     Defendant Credit Consulting Services violated California Civil Code § 1812.700 by failing to provide Plaintiff with written notice of the following:

> The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact

the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

79.    Defendant Credit Consulting Services violated California Civil Code § 1788.13(e) and § 1788.14(b) of Rosenthal Act by collecting and attempting to collect in addition to the alleged $750 debt an additional amount of fees, interest, charges, and expenses not permitted by law, because Defendant's collection letters added interest to the allegedly outstanding $750 amount and also because Defendant ultimately accepted from Plaintiff approximately $1,300.

80.    Defendant Credit Consulting Services violated 15 U.S.C. § 1692e of the Federal FDCPA, which is a violation of Rosenthal Act via California Civil Code § 1788.17, by using false, deceptive, and misleading representations and means in connection with the collection of any debt when they repeatedly communicated information they knew to be false, or had reason to know was false, to Plaintiff's credit reporting agencies every month starting September 2012 to current, and by also suing Plaintiff personally upon the alleged debt.

81.    Defendant Credit Consulting Services violated 15 U.S.C. § 1692e(2)(A) of the Federal FDCPA, which is a violation of Rosenthal Act via California Civil Code § 1788.17, by falsely representing the  character, amount, and legal status of the alleged debt when they repeatedly communicated information they knew to be false, or had reason to know was false, to Plaintiff's credit reporting agencies every month Starting February 2009 to current, and by also suing Plaintiff personally upon the alleged debt.

**Complaint**

82.    Defendant Credit Consulting Services violated 15 U.S.C. § 1692e(8) of the Federal FDCPA, which is a violation of Rosenthal Act via California Civil Code § 1788.17, by repeatedly communicating credit information they knew to be false, or had reason to know was false, including the failure to notify the credit reporting agencies that the disputed debt was disputed, to Plaintiff's credit reporting agencies every month from September 2012 to current.

83.    Defendant Credit Consulting Services violated 15 U.S.C. § 1692e(10) of the Federal FDCPA, which is a violation of Rosenthal Act via California Civil Code § 1788.17, by using false representations and deceptive means to collect or attempt to collect any debt when they repeatedly communicated information they knew to be false, or had reason to know was false, to Plaintiff's credit reporting agencies every month from September 2012 to current, and by also suing Plaintiff personally upon the alleged debt.

84.    Defendant Credit Consulting Services violated 15 U.S.C. § 1692f of the Federal FDCPA, which is a violation of Rosenthal Act via California Civil Code § 1788.17, by using unfair and unconscionable means to collect or attempt to collect any debt when they repeatedly communicated information they knew to be false, or had reason to know was false, to Plaintiff's credit reporting agencies every month from September 2012 to current.

85.    Defendant Credit Consulting Services violated 15 U.S.C. § 1692f(1) of the Federal FDCPA, which is a violation of Rosenthal Act via California Civil Code §

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **JAN-29-2014** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order

**without an appearance**

statement is filed, served and lodged in Department 610

twenty-five (25) days before the case management

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Babak Semnar, Esq.<br>SEMNAR LAW FIRM<br>400 S. Melrose Drive, Suite 209<br>Vista, CA 92081<br>   TELEPHONE NO.: 951-293-4187   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED**<br>San Francisco County Superior Court<br>*FOR COURT USE ONLY*<br><br>SEP 25 2013<br><br>CLERK OF THE COURT<br>BY:_____<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
  STREET ADDRESS:  400 McAllister Street
  MAILING ADDRESS:  400 McAllister Street
  CITY AND ZIP CODE:  San Francisco, CA 94102
  BRANCH NAME:

| PLAINTIFF/PETITIONER: JOHN MARTIN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CREDIT CONSULTING SERVICES, INC. ET AL | CGC-13-533952 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice to Plaintiff

3. a. Party served *(specify name of party as shown on documents served):*
      Experian Information Solutions

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Margaret Wilson, Authorized to Accept

4. Address where the party was served:
   818 W. Seventh Street, Los Angeles, CA 90017
5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 9/09/13    (2) at *(time):* 11:40 AM
   b. [ ] **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: JOHN MARTIN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CREDIT CONSULTING SERVICES, INC. ET AL | CGC-13-533952 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*   Experian Information Solutions
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)               ☑ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)
                                  ☐ other:

7.  **Person who served papers**
  a. Name: E. Perez   , Legs Legal Support, Inc.
  b. Address: P.O. Box 1326, Vista, CA 92085
  c. Telephone number: 760-945-7654
  d. **The fee** for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner  ☐ employee  ☑ independent contractor.
      (ii) Registration No.: 1842
      (iii) County: San Diego

8.  ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 9/13/13

_____
E. Perez
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
E Perez
(SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Babak Semnar, Esq.
SEMNAR LAW FIRM
400 S. Melrose Drive, Suite 209
Vista, CA 92081
TELEPHONE NO.: 951-293-4187        FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff

**FILED**
San Francisco County Superior Court
SEP 25 2013
CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS:   400 McAllister Street
MAILING ADDRESS:  400 McAllister Street
CITY AND ZIP CODE:  San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: JOHN MARTIN

DEFENDANT/RESPONDENT: CREDIT CONSULTING SERVICES, INC. ET AL

CASE NUMBER:
CGC-13-533952

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice to Plaintiff

3. a. Party served *(specify name of party as shown on documents served):*
      Equifax, Inc.

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Becky DeGeorge, Authorized to Accept

4. Address where the party was served:
   2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 9/10/13        (2) at *(time):*  2:32 PM
   b. [ ] **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: JOHN MARTIN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CREDIT CONSULTING SERVICES, INC. ET AL | CGC-13-533952 |

5.  c. [ ]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                            (2) from *(city)*:

    (3) [ ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) [ ]  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ]  **by other means** *(specify means of service and authorizing code section):*

    [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ]  as an individual defendant.
  b. [ ]  as the person sued under the fictitious name of *(specify):*
  c. [ ]  as occupant.
  d. [✓]  On behalf of *(specify):*  Equifax, Inc.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| [✓] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7.  **Person who served papers**
  a.  Name:  Tyler DiMaria, Legs Legal Support, Inc.
  b.  Address: P.O. Box 1326, Vista, CA 92085
  c.  Telephone number: 760-945-7654
  d.  **The fee** for service was:  $
  e.  I am:
    (1) [ ]  not a registered California process server.
    (2) [ ]  exempt from registration under Business and Professions Code section 22350(b).
    (3) [✓]  a registered California process server:
      (i) [ ] owner  [ ] employee  [✓] independent contractor.
      (ii) Registration No.: 2006-06
      (iii) County:  Sacramento

8.  [✓]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [ ]  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 9/13/13

Tyler DiMaria
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
            (SIGNATURE )